**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4556**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOROTHY MARIE JACKSON, a/k/a Dorothy Winston,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Peter J. Messitte, District Judge. (8:02-
cr-00478-PJM)

---

Submitted: January 3, 2007        Decided: February 7, 2007

---

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Fred Warren Bennett, BENNETT & BAIR, L.L.P., Greenbelt, Maryland,
for Appellant. Rod J. Rosenstein, United States Attorney, Deborah
A. Johnston, Michele W. Sartori, Assistant United States Attorneys,
Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dorothy Marie Jackson appeals her sentence imposed after resentencing,[1] on her conviction by a jury on all counts of a fifteen-count third superseding indictment charging one count of a narcotics conspiracy, in violation of 21 U.S.C. § 846 (2000) and 18 U.S.C. § 2 (2000); seven counts of unlawfully acquiring controlled substances by fraud, in violation of 21 U.S.C. § 843(a) (2000) and 18 U.S.C. § 2 (2000); and seven counts of possession with intent to distribute controlled substances, in violation of 18 U.S.C. § 841 (2000) and 18 U.S.C. § 2 (2000). The evidence presented at the

---

[1]This court previously affirmed Jackson's conviction, but remanded her case to the district court for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005), which case was decided after Jackson's original sentencing hearing. See United States v. Jackson, No. 05-4006 (4th Cir. Feb. 22, 2006) (unpublished). In her original appeal, Jackson claimed a constitutional Booker error based on the district court's reliance on its own finding by a preponderance of the evidence that Jackson was a USSG § 3B1.1(a) "leader or organizer" (and not, as the jury found, a USSG § 3B1.1(b) "manager or supervisor"), as well as a statutory Booker error because the district court treated the Sentencing Guidelines as mandatory, not advisory. Citing United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005), this court rejected Jackson's claim of constitutional Booker error, finding that her argument misconstrued Booker's constitutional analysis, which focuses on the actual sentence imposed, not on the offense level used in computing the Guidelines sentence, and determining that because Jackson's actual sentence of 188 months for the conspiracy count fell short of the 210-month maximum that the district court could have imposed based solely on the jury's determinations, there was no constitutional Booker error. This court ordered resentencing because the district court applied the Sentencing Guidelines in a mandatory, rather than advisory, fashion. See United States v. Jackson, No. 05-4006 (4th Cir. Feb. 22, 2006) (unpublished).

jury trial established that Jackson participated in a conspiracy to distribute prescription painkillers.

Upon resentencing, the district court again determined Jackson's base offense level to be 32, both as found by the jury and the court. The district court further determined, for the second time and contrary to the finding of the jury, that Jackson was a leader or organizer and thus added four levels to her offense level under the Guidelines, instead of three levels, which would have corresponded to the jury's finding that she was a manager or supervisor. The additional four levels brought Jackson to an offense level of 36, which, with a criminal history category of I, resulted in a guidelines range of 188 to 235 months' imprisonment.[2] The district court then heard argument with regard to the 18 U.S.C. § 3553 (West 2000 & Supp. 2005) factors, and specifically discussed the need in this case to avoid unwarranted disparities among co-defendants.

The district court sentenced Jackson to 144 months' imprisonment on count one, a concurrent twelve-month term of imprisonment on count two, concurrent 144-month terms on counts 3, 5, 7, 9, 11, 13, and 15, and concurrent twelve-month terms on counts 4, 6, 8, 10, 12, and 14. The district court further ordered Jackson to be placed on supervised release for three years on

_____

[2]Had Jackson's base offense level been increased by only three levels under the jury's "manager or supervisor" finding, the range would have been 168 to 210 months.

counts 1, 3, 5, 7, 9, 11, 13, and 15, and for one year on counts 2, 4, 6, 8, 10, 12, and 14, all to run concurrently to one another.

Jackson again appeals, now asserting district court error in resentencing relative to her Fifth Amendment rights, claiming that post-Booker, the Fifth Amendment requires that facts relied upon in sentencing be found by proof beyond a reasonable doubt, rather than by a preponderance of the evidence. Jackson further asserts that the district court was not free to reject the jury's finding relative to her role in the offense because of the "unique circumstances" of this case, i.e. because the Government requested a jury finding on this issue, on fairness grounds, the district judge should not now be permitted to reject that finding. She also contends that her sentence was not reasonable, based on the district court's findings relative to her role in the offense by a preponderance of the evidence.

Jackson first challenges the district court's application of a preponderance of the evidence standard of proof in resentencing. This assertion is without merit. See generally, United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) ("Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines."); see also United States v. Gonzalez, 407 F.3d 118, 125 (2d Cir. 2005);

<u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005); <u>United States v. Tabor</u>, 439 F.3d 826, 830 (8th Cir. 2006).

Jackson also challenges the district court's four-level role in the offense enhancement of her sentence on fairness and reasonableness grounds.[3] Our review of the sentencing transcript in this case reveals that the district judge clearly and accurately applied its statutory and legal obligations in resentencing Jackson, considered the arguments of counsel, and decided that its original findings relative to Jackson's role in the offense did not need to be altered.

We will affirm a post-<u>Booker</u> sentence if it is both reasonable and within the statutorily prescribed range. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). As Jackson's sentence is within the properly calculated advisory guideline range, we find it to be presumptively reasonable, <u>see</u> <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct.

---

[3]Jackson makes no claim or assertion that the district court's factual finding that she was a leader or organizer in the conspiracy was unsupported by the evidence or the product of clear error, <u>see</u> <u>United States v. Ebersole</u>, 411 F.3d 517, 536 (4th Cir. 2005) (standard of review), <u>cert. denied</u>, 126 S. Ct. 1142 (2006), and, indeed, she states on appeal that she is not complaining that the district court's findings relative to her role in the offense were unsupported by the evidence or the product of clear error. Rather, her complaint is that the court decided the issue differently than the jury, based upon a different standard, and that the Government should not be allowed to take an inconsistent position in the matter, <u>i.e.</u> because it requested a jury finding on the issue of Jackson's role, it should be bound by that finding now.

2309 (2006), and we find nothing in Jackson's assertions on appeal sufficient to overcome that presumption. Moreover, Jackson's ultimate sentence on remand was below both the advisory range triggered by the four-level enhancement found by the district court, and two years below the bottom of the advisory guideline range the district court could have imposed based solely upon the jury's determinations with regard to Jackson's role in the offense, and far less than the maximum sentence authorized by the jury's findings. Finally, Jackson's assertion that the error was not harmless because even though the district court sentenced her well below even the guideline range applicable to the jury's findings, her sentence "may very well have been lower had the court started from the appropriate Guidelines range" is sheer speculation and thus insufficient to support her request for resentencing.

Jackson has failed to demonstrate error by the district court in resentencing. Upon resentencing, the district court appropriately treated the guidelines as advisory, and properly calculated and considered the advisory guideline range and the relevant statutory factors. Accordingly, we affirm Jackson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 6 -